# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kurk Matthew Nelson,

              Plaintiff,

v.

Repossessors, Inc.; Consumer Portfolio Services, Inc.; and Chase Towing & Transport, Inc.,

              Defendants.

Case No. 17-cv-3727 (WMW/SER)

**ORDER**

Katelyn Rae Cartier and Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., Vadnais Heights, Minnesota, for Plaintiff.

Chad A. Snyder, Esq., Rubric Legal LLC, Minneapolis, Minnesota, for Defendants.

Jeffrey D. Pilgrim, Esq., Pilgrim Christakis LLP, Chicago, Illinois, for Defendants.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants Repossessors, Inc.; Chase Towing & Transport, Inc.; and Consumer Portfolio Services, Inc.'s (collectively, "Defendants") Motion to Amend Pleadings and Add a Party (the "Motion") [Doc. No. 29]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court grants the Motion.

## I.    BACKGROUND

Jeremy Floyd ("Floyd") purchased a Jeep Patriot (the "vehicle") using financing from Defendant Consumer Portfolio Services, Inc. ("CPS") in October 2014. (Compl.) [Doc. No. 1 ¶¶ 9–10]. On January 11, 2017, Professional Recovery Services ("PRS") towed and stored the vehicle because it was parked illegally. (*Id.* ¶ 11). PRS sent CPS and Floyd a legal notice

informing them that the vehicle "was being stored and that failure to redeem would result in sale or salvage of the Vehicle." (*Id.* ¶ 12). CPS received the notice on February 6, 2017, but did not respond. (*Id.* ¶¶ 13–14). On February 28, 2017, Plaintiff Kurk Matthew Nelson ("Nelson") purchased the vehicle from PRS for $1,000. (*Id.* ¶¶ 15–16). Defendant Chase Towing & Transport, Inc. ("Chase") repossessed the vehicle from Nelson on June 17, 2017, between 2:00 and 3:00 a.m. (*Id.* ¶ 17). Nelson called Chase that morning, and its agent confirmed that it repossessed the vehicle on CPS's instruction. (*Id.* ¶¶ 18, 20). Specifically, Chase's agent explained that Floyd owed CPS money for the vehicle, and CPS had a lien on the vehicle. (*Id.* ¶ 20). Nelson, who believed he "owned the car and possessed title 'clear and free,'" attempted to report the vehicle stolen; attempted to obtain CPS's information regarding Floyd from Defendant Repossessors, Inc.; and called CPS two more times (*Id.* ¶¶ 19, 21, 23–30). The vehicle was returned to Nelson at 12:30 p.m. on the same day. (*Id.* ¶ 31). It had approximately $781 worth of damage when it was returned. (*Id.* ¶¶ 32–33).

Nelson alleges the following claims: Count 1—violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6);[1] Count 2—common law trespass to chattels; Count 3—wrongful repossession in violation of Minnesota Statute section 336.9-609; Count 4—conversion; and Count 5—intrusion upon seclusion. (Compl. at 6–9).

Through discovery, Defendants learned that PRS did not meet the statutory requirements necessary to sell the so-called abandoned vehicle to Nelson, who is an agent and/or employee of PRS. (Defs.' Mem. of Law in Supp. of Mot., "Mem. in Supp.") [Doc. No. 32 at 2–3] (citing Minn. Stat. § 168B.01, *et seq.*). Defendants seek the Court's permission to file: (1) an amended answer on behalf of Repossessors, Inc. and Chase to assert an additional affirmative defense; (2)

---

[1]   This count is only alleged against Repossessors, Inc. and Chase. (Compl. at 6). The remaining claims are alleged against all Defendants. *See* (*id.* at 7–9).

an amended answer on behalf of CPS to add an affirmative defense, add counterclaims against Nelson and PRS, and add PRS as a party; and (3) a third-party complaint on behalf of Defendants against PRS. (*Id.* at 3).

Nelson only opposes the Motion to the extent it seeks leave to file a counterclaim against him. *See* (Pl.'s Resp. in Opp'n to Mot., "Mem. in Opp'n") [Doc. No. 38]. Thus, the Court's analysis is confined to this issue and the remainder of the Motion is granted without discussion. At the hearing, the Court asked for supplemental briefing regarding whether CPS's proposed counterclaim was a compulsory counterclaim under Rule 13 of the Federal Rules of Civil Procedure that was required to be brought at the time of its answer. (Minute Entry Dated Apr. 3, 2018) [Doc. No. 45]. If so, the Court asked the parties to address whether the compulsory counterclaim was waived if not asserted in the original answer. (*Id.*). The parties submitted supplemental briefing on April 10, 2018, and the matter is now ripe for adjudication.

## II.   DISCUSSION

The Court first addresses the subject of the parties' supplemental briefing: whether Defendants' counterclaim is compulsory and whether it is waived because it was not asserted in their original answer. *See* (*id.*). A counterclaim is compulsory if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). The parties agree that Defendants' claim against Nelson is compulsory. (Nelson's Letter to Mag. J.) [Doc. No. 46 at 2]; (Defs.' Letter to Mag. J.) [Doc. No. 47 at 2–3]. The Court agrees. The central issue raised in the Complaint is whether Defendants had authority to repossess the vehicle. Defendants' proposed counterclaim against Nelson and PRS alleges that their sale of the vehicle to Nelson failed to satisfy the statutory requirements for abandoned

3

vehicles. (CPS's Proposed (1) Am. Answer & Aff. Defenses to Compl. & (2) Countercl. Against Nelson & PRS, Ex. B., Attached to Ex. Index) [Doc. No. 33-2 at 24–29]. Thus, the Complaint and proposed counterclaim both require resolution of who or what entity owned the vehicle at the time of its repossession from Nelson.

Additionally, Defendants' counterclaim is not waived. A compulsory counterclaim that is not brought is waived in subsequent litigation. *Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 813 (8th Cir. 2005). A party's amendment that seeks the court's permission to assert a compulsory counterclaim in the same litigation as the common "transaction or occurrence," however, is analyzed under Rule 15(a). *See Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co.*, 958 F.2d 836, 839–40 (8th Cir. 1992); *Wayzata Bank & Tr. Co. v. A & B Farms*, 855 F.2d 590, 594 (8th Cir. 1988); Fed. R. Civ. P. 13, advisory committee note to 2009 amendment ("An amendment to add a counterclaim will be governed by Rule 15."). The transaction or occurrence at issue in this case is (1) the removal of the vehicle from Nelson's possession; and (2) who or what entity owned the vehicle at that time. *See generally* (Compl.). Defendants' counterclaim addresses the ownership issue and is therefore the same transaction or occurrence. Thus, the Defendants' counterclaim is not waived and the Motion must be analyzed under Rule 15(a).

### A. Legal Standard

Leave to amend must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907 (8th Cir. 1999). In interpreting Rule 15, the United States Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2).

### B.     Analysis

Nelson objects to the proposed counterclaims against him for three reasons, each of them unavailing.

First, Nelson argues that the Court lacks jurisdiction because the circumstances of his purchase of the vehicle are not the same set of facts as the circumstances of the repossession. (Mem. in Opp'n at 4–5). The Court has original jurisdiction over this case because of Nelson's claim for violations of the FDCPA. 28 U.S.C. § 1331; (Compl. ¶ 6). Thus, this Court has supplemental jurisdiction over state law claims that arise from the same case or controversy. 28 U.S.C. § 1367(a). As stated above, a central issue in this case is the ownership of the vehicle at the time of repossession, and facts related to the counterclaim against Nelson are part of "the same case or controversy" as required to exercise supplemental jurisdiction under § 1367(a). Additionally, there is no reason that the court should decline to exercise supplemental jurisdiction. *See* § 1367(c) (stating that a district court may decline to exercise supplemental jurisdiction when "(1) the [state law] claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction").

Second, Nelson argues that the counterclaim is brought in retaliation because Defendants did not initiate litigation against him first. *See* (Mem. in Opp'n at 5). There is no legal authority

supporting Nelson's assertion that the party who loses the proverbial "race to the courthouse" cannot assert a counterclaim, and Defendants have explained that the basis of their counterclaim against Nelson and PRS was not known until December 2017. (Mem. in Supp. at 3–4).

Finally, Nelson argues the proposed counterclaim is futile. (Mem. in Opp'n at 6). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation marks omitted). In other words, a proposed pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Zutz*, 601 F.3d at 850 (stating that a proposed amended pleading is reviewed "under the *Twombly* pleading standard").

Nelson argues the counterclaim is futile for two reasons. Nelson first argues that he is not an "impound lot operator" within the meaning of Minnesota Statue section 168B.06, the basis of the counterclaim. (*Id.*). But Defendants allege that Nelson, as an employee of PRS, was obligated to follow the statute, and the definition of an impound lot operator is broad. *See* Minn. Stat. § 168B.011, subdiv. 8 (defining an "impound lot operator" as "a person who engages in impounding or storing, usually temporarily, unauthorized or abandoned vehicles"). Thus, the Court cannot conclude that the counterclaim is futile for this reason. Nelson also argues that the counterclaim is futile because "a third party's technical violation of these . . . statutory notice provisions does not covert [Nelson's] purchase of the Vehicle . . . into tortious conduct." (Mem. in Opp'n at 6). In other words, Nelson's argument does not address the plausibility of

6

Defendants' claim; he merely disagrees with it. This argument establishes a disagreement between the parties, but does not establish futility.

The Court concludes that Nelson's objections to the proposed counterclaim are unavailing, and grants Defendants' motion.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Repossessors, Inc.; Chase Towing & Transport, Inc.; and Consumer Portfolio Services, Inc.'s Motion to Amend Pleadings and Add a Party [Doc. No. 29] is **GRANTED**.

Dated: April 20, 2018

                                             *s/Steven E. Rau*
                                             STEVEN E. RAU
                                             United States Magistrate Judge